## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DENVER R. GRAYSON<br>and DENVER, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | 16-CV-1297 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| DANIEL SHANAHAN,<br>MICHAEL J. KORST, P.C.,<br>and MICHAEL J. KORST, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case arises out of a dispute between two business partners regarding the distribution of proceeds from the sale of a Domino's Pizza franchise. Plaintiff Denver Grayson, the sole shareholder of Plaintiff Denver, Inc., has filed a two-count complaint against his former partner, Defendant Daniel Shanahan, as well as the attorney who represented both partners in the sale and his professional corporation, Defendants Michael Korst and Michael J. Korst, P.C. (collectively, "Korst"). In Count I, Plaintiffs allege legal malpractice and breach of fiduciary duty against Korst. In Count II, Plaintiffs claim unjust enrichment against Shanahan. Shanahan filed a motion to dismiss Count II of Plaintiffs' complaint [19] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons given below, the Court grants Shanahan's motion.

## Factual Background

Plaintiff Denver Grayson is a Wisconsin citizen and the sole officer and shareholder of Plaintiff Denver, Inc., a Wisconsin corporation ("Denver"). Compl. ¶¶ 3–4, ECF No. 1. Defendant Daniel Shanahan is an Illinois citizen. *Id.* ¶ 5. He conducted business as D.D.S. Pizza Enterprises, Inc. ("DDS"), a dissolved Illinois corporation. *Id.*; Def.'s Mem. Supp. Mot. Dismiss, Ex. 2, at 8, ECF No. 20.

In October of 2006, Grayson, through Denver, and Shanahan, through DDS, formed DJ's Pizza, LLC, for the purpose of operating a franchised Domino's Pizza restaurant in Milwaukee, Wisconsin. Compl. ¶ 7; Compl., Ex. A, Operating Agreement of DJ's Pizza Art. 2, Sec. 1. Denver and DDS were the sole owners of DJ's Pizza. Compl. ¶ 7.

In November 2014, Grayson and Shanahan, through their respective entities, sold substantially all of the restaurant's assets to a third party. *Id.* ¶¶ 8, 10. Defendant Michael Korst, a licensed Illinois attorney, represented Grayson and Shanahan in the sale of DJ's Pizza. *Id.* ¶¶ 6, 10. Under the negotiated Sale of Assets Agreement, authorized by Grayson and signed by both Grayson and Shanahan, the buyer agreed to distribute $340,550 of the purchase price to DDS. Def.'s Mem., Ex. 1, Sale of Assets Agreement § III(A)(1); *see also* Compl., Ex. B, Seller's Closing Statement. Grayson and Denver received no proceeds from the sale. Compl. ¶ 12.

Plaintiffs now bring this lawsuit against Shanahan and Korst. With respect to Shanahan, they allege in Count II of their complaint that Shanahan was unjustly enriched at closing in the amount of $304,203, because those funds should have

been given to Grayson and Denver under the terms of the Operating Agreement. *Id.*
¶¶ 17–18.

As for Korst, Plaintiffs assert that Korst breached his fiduciary duty to them by failing to explain that they were entitled to receive certain funds as a result of the sale under the operating agreement of DJ's Pizza. *See id.* ¶ 11; Pls.' Mem. Opp'n Mot. Dismiss, Ex. F, Aff. of Denver Grayson ¶ 4, ECF No. 25. Plaintiffs claim that, because of Korst's alleged dereliction, they entered into the sale agreement believing that all of the sale proceeds belonged to Shanahan. *Id.* As a result, Plaintiffs seek a judgment against Korst for $304,203.

Defendant Shanahan has moved to dismiss Plaintiffs' unjust enrichment claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Def.'s Mem. 1. Specifically, Shanahan argues that Plaintiffs cannot assert an unjust enrichment claim under either Illinois or Wisconsin law because they entered into an express contract regarding the allocation of the proceeds from the sale of DJ's Pizza. *Id.* at 5.

## Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept "all well-pleaded factual allegations as true and view

them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013)). Mere legal conclusions, however, "are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678). In addition to the complaint itself, on a motion to dismiss the Court may consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

## Analysis

## I. Plaintiffs' Unjust Enrichment Claim Against Shanahan Is Barred by the Existence of an Express Contract

In Count II, Plaintiffs allege an unjust enrichment claim against Shanahan for taking and retaining the distribution he received from the sale of DJ's Pizza. Compl. ¶¶ 17–20. Shanahan argues that Count II should be dismissed under both Illinois and Wisconsin law, because Plaintiffs cannot assert the existence of an express contract and, at the same time, pursue a common law claim for unjust enrichment. Def.'s Mem. 5.

"Unjust enrichment is a 'quasi-contract' theory that permits courts to imply the existence of a contract where none exists in order to prevent unjust results." *Prudential Ins. Co. of Am. v. Clark Consulting, Inc.*, 548 F. Supp. 2d 619, 622 (N.D. Ill. 2008). Generally, Illinois does not permit recovery under an unjust enrichment claim when an express contract, oral or written, governs the parties' relationship,

unless the claim falls outside the subject matter of the contract. *Util. Audit, Inc. v. Horace Mann Serv. Corp.*, 383 F.3d 683, 688–89 (7th Cir. 2004) (applying Illinois law). The reason for this rule is to prohibit a party whose expectations were not realized under a contract from turning to unjust enrichment—an equitable remedy—to recover outside the contract. *Id.* at 689; *see also Prodromos v. Poulos*, 560 N.E.2d 942, 948 (Ill. App. Ct. 1990) (explaining that the express contract rule "hold[s] the contract parties to their agreement and prevents a party who made a bad business decision from asking the court to restore his expectations"). Therefore, unjust enrichment is available only in the absence of a valid agreement among the parties and "is not a means for shifting a risk one has assumed under contract." *Indus. Lift Truck Serv. Corp. v. Mitsubishi Int'l Corp.*, 432 N.E.2d 999, 1002 (Ill. App. Ct. 1982).

In much the same way, Wisconsin does not permit a plaintiff to assert an unjust enrichment claim when the parties entered into an express contract. *Carroll v. Stryker Corp.*, 658 F.3d 675, 682 (7th Cir. 2011) (applying Wisconsin law). Accordingly, when an enforceable contract governs the parties' relationship, recovery under a theory of unjust enrichment is unavailable. *Cf. Arjay Inv. Co. v. Kohlmetz*, 101 N.W.2d 700, 702 (Wis. 1960) (stating that the existence of a contract is "immaterial" to an unjust enrichment claim when the contract is void).

Under both Illinois and Wisconsin law, a party may make an unjust enrichment claim in the alternative to a breach of contract claim if the party demonstrates that the claim is brought in the alternative and does not refer to an

express contract governing the parties' relationship. *See Prudential Ins. Co. of Am.*, 548 F. Supp. 2d at 623 (applying Illinois law); *Diamond Ctr., Inc. v. Leslie's Jewelry Mfg. Corp.*, 562 F. Supp. 2d 1009, 1017 (W.D. Wis. 2008) (applying Wisconsin law). Conversely, when a plaintiff's unjust enrichment claim incorporates allegations of the existence of an express contract between the parties, courts will dismiss the unjust enrichment claim. *U.S. ex rel. Roach Concrete, Inc. v. Veteran Pac., JV*, 787 F. Supp. 2d 851, 859–60. (E.D. Wis. 2011); *Thorogood v. Sears, Roebuck & Co.*, No. 06-C-1999, 2006 WL 3302640, at *5 (N.D. Ill. 2006).

Here, Plaintiffs acknowledge the existence an express contract between the parties governing the distribution of the sale proceeds and, therefore, their unjust enrichment claim against Shanahan is barred. Plaintiffs do not attempt to plead unjust enrichment in the alternative to breach of contract, as they make no breach of contract claim at all. Instead, Count II adopts the allegations of paragraphs 1–12 of the complaint, including those recognizing that Grayson and Shanahan, as the sole owners and shareholders of Denver, Inc. and DDS, respectively, entered into the Sale of Assets Agreement that directed the distribution of $340,550 to DDS. Moreover, the copy of the Seller's Closing Statement attached to the complaint, which Grayson initialed and signed, expressly states that $340,550 of the sale proceeds is to be distributed to DDS. Compl., Ex. B, Seller's Closing Statement. The Sale of Assets Agreement itself, authorized by Grayson and signed by both Grayson and Shanahan, similarly provides that $340,550 of the purchase price "shall be paid to D.D.[S]. Pizza Enterprises, Inc." in exchange for Grayson and Shanahan's

ownership interest. Def.'s Mem., Ex. 1, Sale of Assets Agreement § III(A)(1). Contemporaneous with the closing, Plaintiffs and DDS also executed the "Minutes of Informal Action of the Members and Managers of DJ's Pizza, LLC" that expressly authorized Grayson to execute the terms of the Sale of Assets Agreement on behalf of DJ's Pizza. *Id.*, DJ's Pizza Minutes. The complaint and the closing documents therefore evince that Grayson knowingly entered into an enforceable contract with Shanahan that distributed $340,550 to Shanahan, specifically covering the same subject matter that now forms the basis of Plaintiffs' unjust enrichment claim.

In their complaint, Plaintiffs do not challenge the validity of the sale agreement or argue that the unjust enrichment claim is based on subject matter outside the contract. Accordingly, even when taking all well-pleaded factual allegations as true and construing all inferences in Plaintiffs' favor, as the Court must on a motion to dismiss, the existence of this contract precludes Plaintiffs' claim of unjust enrichment in Count II.

In some limited cases a plaintiff may allege unjust enrichment as well as the existence of an express contract without precluding the unjust enrichment claim. Illinois courts have allowed unjust enrichment claims to proceed when a plaintiff based the claim on tort, instead of quasi-contract. *See, e.g.*, *Peddinghaus v. Peddinghaus*, 692 N.E.2d 1221, 1225 (Ill. App. Ct. 1998) (holding that fraudulent inducement to contract circumvented express contract restriction). Similarly, when the parties dispute the existence of the contract, Illinois law permits an unjust enrichment claim. *See, e.g.*, *Francis v. Bankcard Am., Inc.*, No. 93-C-5510, 1999 WL

1289110, at *11 (N.D. Ill. Jan. 4, 1999). Under Wisconsin law, however, unjust enrichment claims may proceed only when the contract is invalid or unenforceable. *Roach Concrete*, 787 F. Supp. 2d at 858.

Plaintiffs do not dispute that Grayson knowingly executed documents directing the sale proceeds be distributed to Shanahan, but nevertheless claim that this execution does not bar their unjust enrichment claim. First, Plaintiffs argue that Grayson was entitled to the proceeds from the sale under the operating agreement of DJ's Pizza. The operating agreement, however, allowed the parties to waive rights or amend the terms of the agreement upon unanimous written agreement of all of the members. Compl., Ex. A, Operating Agreement of DJ's Pizza Art. 13, Sec. 2; *see Wikoff v. Vanderveld*, 897 F.2d 232, 241 (7th Cir. 1990) (observing that contract parties may intentionally waive contractual rights either expressly or by conduct inconsistent with an intent to enforce the right). The minutes of DJ's Pizza from the time of the closing show that both Grayson and Shanahan, the only named members of DJ's Pizza, authorized Grayson to execute the terms of the Sale of Assets Agreement on behalf of the restaurant. The parties thus expressly amended the operating agreement pursuant to Article 13, Section 2 to provide that all of the sale proceeds be distributed to Shanahan. Furthermore, even if the terms of the operating agreement governed the distribution of proceeds from the sale, Plaintiffs' unjust enrichment claim would still be barred by the existence of a contract between the parties governing the distribution of sale proceeds; the appropriate remedy would lie under breach of contract.

Second, Plaintiffs argue that the failure of Defendant Korst, the parties' common attorney in the sale of DJ's Pizza, to correct Grayson's mistaken belief that Shanahan was entitled to all of the sale proceeds under the terms of the operating agreement allows them to recover under unjust enrichment. This argument is unpersuasive. Although an unjust enrichment claim grounded in tort may proceed despite the existence of an express contract, a plaintiff may seek recovery for legal malpractice only from the attorney against whom the claim is asserted, not from a third party. *Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1028 (7th Cir. 2006) (stating that the remedy in legal malpractice actions "lies against the lawyer, not against a third party"). Plaintiffs have not cited any authority to support their argument to the contrary, and the Court's own research has not uncovered a case supporting Plaintiffs' position. Count II is dismissed.

## Conclusion

For the reasons stated above, Shanahan's motion to dismiss Count II is granted.


**IT IS SO ORDERED.**          **ENTERED  11/29/16**

_____
**John Z. Lee**
**United States District Judge**